# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                         Case No. 06-CR-336

**GABRIEL URBINA, et. al.,**

    **Defendants.**

## ORDER REGARDING DEFENDANT'S NON-EVIDENTIARY PRETRIAL MOTIONS

    This case was initiated by way of a criminal complaint on November 29, 2006 wherein seventeen persons were charged with conspiracy to distribute more than five kilograms of cocaine in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2. On December 14, 2006, the grand jury returned a sixteen count indictment alleging that the twenty-four defendants violated various provisions of Title 21. The case was designated as complex, and on January 17, 2007, this court ordered that a discovery coordinating committee be created to facilitate the dissemination of discovery between the government and defense counsel. On February 22, 2007, this court ordered that all pretrial motions wherein a defendant does not request an evidentiary hearing must be filed no later than June 1, 2007, and all other pretrial motions must be filed no later than August 1, 2007. A trial date has not yet been set by the Honorable Lynn Adelman.

    In accordance with this pretrial order, Federico Alejandro Meza filed a motion for a Santiago proffer (Docket No. 241), Leonardo Urbina filed a motion for a bill of particulars, (Docket No. 235), Juan Carlos Flores-Bobadillia filed motions for notice of intent to introduce certain evidence, (Docket No. 243), (the docket indicates that Juan Carlos Flores-Bobadillia filed a corrected version of this motion, (Docket No. 246), however the "corrected" motion consists of a single page that simply states

the title of the motion and therefore the court shall consider only docket number 243) and a motion for disclosure of exculpatory evidence, (Docket No. 244), Jose R. Quinonez filed a motion for a bill of particulars, (Docket No. 242), Miguel A. Valdez filed a motion for a bill of particulars, (Docket No. 236), and Jonathan David Colla filed a motion for a bill of particulars, (Docket No. 239), and for a motion for a pretrial ruling concerning alleged co-conspirator statements, (Docket No. 240). The government responded to these motions, (Docket No. 264), and Leonardo Urbina, (Docket No. 272), Miguel A. Valdez, (Docket No. 273), and Jonathan David Colla, (Docket No. 274), have filed replies.

## **MOTIONS FOR BILL OF PARTICULARS**

Leonardo Urbina requests the court order the government to disclose in a bill of particulars the date he is alleged to have joined the conspiracy and the amount of cocaine the offense is alleged to have involved during the time he was a member of the conspiracy. (Docket No. 235.) In support of his argument he points to the fact that counts five through ten of the indictment allege conduct specifically attributable to Leonardo Urbina and the first date of such conduct is alleged is October 5, 2005, which is 20 months after the January 30, 2004 date alleged in count one. (Id.) Thus, the indictment suggests that Leonardo Urbina may have been a member of the conspiracy for only one-third of the time it existed. (Id.)

Jose R. Quinonez requests that the court order the government to disclose in a bill of particulars the names of the individuals with whom he allegedly conspired and argues that this information is necessary to permit him to understand the nature of the accusation against him and to prepare a defense. (Docket No. 242.)

Miguel A. Valdez requests that the court order the government to disclose in a bill of particulars eight specific facts relating to the nature of the conspiracy, his involvement in the conspiracy, and the specific acts that the government alleges any member of the conspiracy undertook on behalf of the conspiracy. (Docket No. 236.)

-2-
Case 2:06-cr-00336-LA   Filed 07/31/07   Page 2 of 7   Document 275

Jonathan David Colla requests that the court order the government to disclose in a bill of particulars the identities of other persons the government claims to be members of the alleged conspiracy. (Docket No. 239.) Jonathan David Colla argues this information is necessary to be effectively apprised of the nature of the allegations against him and to permit him to prepare a defense. (Id.)

In its response, the government argues that the defendants are essentially seeking a summary of the government's case and that a bill of particulars is not necessary because the government is filing its open-file policy. Thus the information requested is available through the discovery provided. (Docket No. 264).

Leonardo Urbina argues in reply that the specific information that he is requesting does not constitute a request that the government disclose how it intends to prove its case but rather is necessary to permit him to prepare an adequate defense. (Docket No. 272.) Miguel A. Valdez argues in reply that a bill of particulars is necessary to protect against potential double jeopardy issues. (Docket No. 273.) Jonathan David Colla argues that in reply that a bill of particulars is necessary in this case because of the voluminous discovery wherein many un-indicted persons are named or captured upon intercepted telephone calls and thus is its unfair to force Jonathan David Colla to guess which of these persons the government will allege were members of the conspiracy. (Docket No. 274.)

Federal Rule of Criminal Procedure 7(f) permits the court, at its discretion, to order the government to provide a defendant with a bill of particulars. A court need not order the government to provide a bill of particulars if the "indictment sufficiently apprises the defendant of the charges to enable him to prepare for trial." United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991) (citing United States v. Kendall, 665 F.2d 126, 134 (7th Cir. 1981)). "In determining whether the indictment sufficiently apprises the defendant of the charges, a court can consider the charges' complexity, the indictment's

clarity, and the availability of discovery." United States v. Caputo, 288 F. Supp. 2d 923, 925 (N.D. Ill. 2003) (citing United States v. Swiatek, 632 F. Supp. 985, 988 (N.D. Ill. 1986)).

A bill of particulars is not required if the information necessary for a defendant's defense can be obtained through some other satisfactory means such as discovery or through the operation of the government's open file policy. Id.; United States v. Hernandez, 330 F.3d 964, 975 (7th Cir. 2003). However, although a defendant is entitled to know the nature of the charges against him and the government's theory of prosecution, the defendant is not entitled to know precisely how the government intends to prove its case. United States v. Kendall, 665 F.2d 126, 135 (7th Cir. 1981).

The government's contention that the discovery provided to the defendants is sufficient to apprise them of the information that they request is not fully persuasive. Nor is the court persuaded that the defendants, perhaps with the exception of Miguel A. Valdez, are seeking to utilize a bill of particulars as a way to force the government to outline the way it intends to prove its case. Much of the information that Miguel A. Valdez requests that the government be ordered to disclose in a bill of particulars would be contained in the discovery materials provided in this case. However, the court concludes that certain of the defendants' requests are appropriate. First, the government shall provide to Leonardo Urbina and Miguel A. Valdez a bill of particulars that discloses the date that each is alleged to have joined the conspiracy. Second, the government shall provide to Jose R. Quinonez, Jonathan David Colla, Miguel A. Valdez, the names of all un-indicted co-conspirators. In a case such as this where numerous individuals are named in the discovery or recorded on wiretaps, it is important that a defendant understand which of those persons the government alleges were part of the conspiracy.

The court shall deny the defendants' other requests. The amount of cocaine involved in the conspiracy, as requested by Leonardo Urbina, is a matter of proof for trial. Miguel A. Valdez's additional requests constitute requests that the government outline how it intends to prove its case and such information can be obtained through the discovery in this matter.

## MOTIONS REGARDING CO-CONSPIRATOR STATEMENTS

Federico Alejandro Meza filed wherein he requests that the court order the government to file at the earliest time a <u>Santiago</u> proffer establishing pursuant to Federal Rules of Evidence 801(c) and 802 the admissibility of co-conspirator statements, specifically that a conspiracy existed, the defendant and the declarants were members of the alleged conspiracy, and such statements were made during the course of and in furtherance of the alleged conspiracy. (Docket No. 241.)

Jonathan David Colla filed a motion requesting that the court order the government to give pretrial notice of its intention to introduce statements under Federal Rule of Evidence 801(d)(2)(E), and submit a pretrial proffer of the testimony and other evidence that it believes will establish the prerequisites for admission of such evidence. (Docket No. 240.)

Juan Carlos Flores-Bobadillia similarly requests that the court order the government to disclose any statement of a co-conspirator that the government may rely upon pursuant to Rule 801(d)(2)(E). (Docket No. 243.)

It is the standard practice in this district to not resolve issues regarding the admissibility of co-conspirator statements in the pretrial stage. Rather, as the government points out in its response, the standard practice in this district is to conditionally admit the statements of alleged co-conspirators. (Docket No. 264 at 7-8.) Therefore, the court shall deny the defendants' motions without prejudice.

## OTHER MOTIONS

Juan Carlos Flores-Bobadillia filed certain superfluous motions for notice of intent to introduce certain evidence, (Docket No. 243), and for disclosure of exculpatory evidence, (Docket No. 244). In addition to requesting that the government be ordered to disclose the statements of any co-conspirators it intends to rely upon pursuant to Rule 801(d)(2)(E), which the court resolved above, Juan Carlos Flores-Bobadillia requests that the court order the government to disclose any evidence that it intends to introduce pursuant to Federal Rules of Evidence 404(b) or 807 and "Federal Rules of Criminal

-5-
Case 2:06-cr-00336-LA    Filed 07/31/07    Page 5 of 7    Document 275

Procedure" 607, 608 and 609(a). As to the latter, the court believes that the defendant is also referring to the Federal Rules of Evidence.

Under Rule 404(b), a defendant need not file a motion to be entitled to disclosure of evidence the government intends to use under that rule. Rather, the defendant must merely request timely notice. The defendant's motion shall serve as the requisite request for notice and thus no further action of this court is required.

The court finds no basis to order the government to disclose in the pretrial stage evidence that it may intend to introduce pursuant to Rule 807. The defendant's motion shall be denied in this regard. Similarly, the court finds no basis to support the defendant's request that the government disclose evidence that it intends to introduce pursuant to Rules 607, 608 or 609(a).

As for Juan Carlos Flores-Bobadillia's motion for disclosure of exculpatory evidence, (Docket No. 244), such a motion is unnecessary. The government has responded and indicated that it is well-aware of its obligation to disclose exculpatory information. Therefore, the motion shall be denied as moot.

Therefore, for the reasons set forth above, the court enters the following orders:

**IT IS THEREFORE ORDERED** that Leonardo Urbina's motion for a bill of particulars, (Docket No. 235), is granted in part and denied in part. The government shall provide the defendant with a bill of particulars stating the date, month and year he is alleged to have joined the conspiracy.

**IT IS FURTHER ORDERED** that Jose R. Quinonez's motion for a bill of particulars, (Docket No. 242), is granted in part. The government shall provide the defendant with a bill of particulars stating the names of all un-indicted co-conspirators.

**IT IS FURTHER ORDERED** that Miguel A. Valdez's motion for a bill of particulars, (Docket No. 236), is granted in part and denied in part. The government shall provide the defendant with a bill

of particulars stating the names of all un-indicted co-conspirators and the date, month and year he is alleged to have joined the conspiracy.

**IT IS FURTHER ORDERED** that Jonathan David Colla's motion for a bill of particulars, (Docket No. 239), is granted. The government shall provide the defendant with the names of all un-indicted co-conspirators.

**IT IS FURTHER ORDERED** that Federico Alejandro Meza's motion for a Santiago proffer, (Docket No. 241), is denied without prejudice.

**IT IS FURTHER ORDERED** that Jonathan David Colla's motion regarding the admissibility of co-conspirator statements, (Docket No. 240), is denied without prejudice.

**IT IS FURTHER ORDERED** that Juan Carlos Flores-Bobadillia's motion for notice of intent to introduce certain evidence, (Docket No. 243), is denied as moot with respect to his request for Rule 404(b) evidence. As to all other grounds, the defendant's motion is denied.

**IT IS FURTHER ORDERED** that Juan Carlos Flores-Bobadillia's motion for disclosure of exculpatory evidence, (Docket No. 244), is denied as moot.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2007.

BY THE COURT:

s/Aaron E. Goodstein
AARON E. GOODSTEIN
U.S. Magistrate Judge