# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  **v.**                              **Case No. 06-CR-336**

**LEONARDO URBINA and JOSE QUINONEZ**
        **Defendants.**

---

## DECISION AND ORDER

Defendants Leonardo Urbina and Jose Quinonez, charged with conspiracy to distribute cocaine, moved to suppress evidence obtained pursuant to a Title III wiretap. They argued that the orders authorizing interception were deficient because they allowed agents to spot check minimized conversations to see if they had turned to "criminal matters." The magistrate judge handling pre-trial proceedings recommended that the motions be denied. Defendants object, so I must review the issue de novo. Fed. R. Crim. P. 59(b)(3).

### I.

Under 18 U.S.C. § 2518(3), a district judge may issue an order authorizing the interception of a wire, oral or electronic communications on finding that:

(a) there is probable cause for belief that an individual is committing, has committed, or is about to commit a particular offense enumerated in section 2516 of this chapter;

(b) there is probable cause for belief that particular communications concerning that offense will be obtained through such interception;

(c) normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous;

(d) except as provided in subsection (11), there is probable cause for belief that

the facilities from which, or the place where, the wire, oral, or electronic communications are to be intercepted are being used, or are about to be used, in connection with the commission of such offense, or are leased to, listed in the name of, or commonly used by such person.

An order authorizing such interception must specify:

(a) the identity of the person, if known, whose communications are to be intercepted;

(b) the nature and location of the communications facilities as to which, or the place where, authority to intercept is granted;

(c) a particular description of the type of communication sought to be intercepted, and a statement of the particular offense to which it relates;

(d) the identity of the agency authorized to intercept the communications, and of the person authorizing the application; and

(e) the period of time during which such interception is authorized, including a statement as to whether or not the interception shall automatically terminate when the described communication has been first obtained.

18 U.S.C. § 2518(4). Finally, § 2518(5) provides: "Every order and extension thereof shall contain a provision that the authorization to intercept shall be . . . conducted in such a way as to minimize the interception of communications not otherwise subject to interception under this chapter[.]"

## II.

Defendants do not contend that the orders I issued in the present case were unsupported by sufficient facts or otherwise failed to comply with §§ 2518(3) & (4).[1] Rather, they contend that the minimization provision of the orders renders them overbroad and insufficient on their face under § 2518(10)(a)(ii). The contested language is as follows:

---

[1] I issued orders authorizing the interception of calls to and from the phones of Javier Aguilera and Gabriel Urbina in connection with this case. The operative language in the orders is the same.

2

**IT IS FURTHER ORDERED** that all monitoring of wire communications shall be conducted in such a way as to minimize the interception and disclosure of the communications intercepted to those communications relevant to the pending investigation, in accordance with the minimization requirement of Chapter 119 of Title 18, United States Code, and, if minimized, the monitoring personnel shall spot check to insure that the conversation <u>has not turned to criminal matters</u>. Also, monitoring of conversations must immediately terminate when it is determined that the conversation is unrelated to communications subject to interception under Chapter 119 of Title 18, United States Code. Interception must be suspended immediately when it is determined through voice identification, physical surveillance, or otherwise, that none of the named interceptees or any of their confederates, when identified, are participants in the conversation unless it is determined during the portion of the conversation already overheard that the conversation is <u>criminal in nature</u>.

(R. 300-2 at 5, emphasis added.) Defendants contend that the highlighted language, by referring to criminal matters, granted agents authority beyond the purview of Title III.

Defendants cite no authority in support of their claim. In fact, they concede that the Seventh Circuit rejected a virtually identical argument, albeit under plain error review, in <u>United States v. Mansoori</u>, 304 F.3d 635 (7th Cir. 2002). In <u>Mansoori</u>, the wiretap orders allowed agents to spot check minimized conversations "to ensure that the conversation has not turned to criminal matters." <u>Id.</u> at 645. The <u>Mansoori</u> defendants likewise argued that this provision was overbroad because it referred to "criminal matters" rather than to the specific criminal activities for which the judge had authorized interception. <u>Id.</u> The court rejected the argument, stating:

> When read in context with the other terms of the wiretap orders, that language did not give the government license to monitor all minimized conversations for any mention of criminal activity, whether related to the investigation or not. The orders specifically identified the type of evidence that the authorized intercepts were intended to capture. Furthermore, the orders required the government to stop monitoring a conversation "immediately" if the conversation turned out not to constitute "communications subject to interception under [Title III.]" The orders also acknowledged that Title III allowed for the interception and disclosure only of "those communications relevant to the pending investigation . . . ." . . . . Notwithstanding the language of the spot-check provision, then, the overall terms

3

of the orders made reasonably clear that the government was permitted to check intercepted conversations solely for discussions pertinent to the government's investigation, the nature and scope of which the face of the orders made clear.

Id. at 645-46 (internal citations omitted).

Defendants attempt to distinguish Mansoori on the grounds that it was decided under plain error review and that the orders in the present case did not, even when read in their entirety, provide the necessary limitations. I disagree.

First, defendants cite no case finding the objected-to language overbroad, under any standard of review, and my own research reveals no support for such a claim. See United States v. Gruber, 994 F. Supp. 1026, 1048 (N.D. Iowa 1998), aff'd sub nom. United States v. Fairchild, 189 F.3d 769 (8th Cir. 1999) (rejecting facial challenge to order containing virtually identical spot check language). Indeed, the minimization language found in the instant orders is standard, and courts have not found problematic its use in the context of specific minimization challenges. See, e.g., United States v. Hull, 456 F.3d 133, 135, 142-43 (3d Cir. 2006), cert. denied, 127 S. Ct. 2877 (2007); United States v. Ozar, 50 F.3d 1440, 1447-48 (8th Cir. 1995); United States v. Funderburk, 492 F. Supp. 2d 223, 247 (W.D.N.Y. 2007); United States v. Wright, 156 F. Supp. 2d 1218, 1222, 1233-37 (D. Kan. 2001).

Second, read in their entirety, the instant orders were sufficiently clear. They set forth the specific offenses on which the court found probable cause and the communications to be captured (R. 300-2 at 1-2), e.g. those "which reveal fully the manner in which the above-listed subjects and others as yet unknown are committing the offenses described herein" (Id. at 3). The orders further indicate that conversations not "relevant to the pending investigation" shall be minimized and that "monitoring . . . must immediately terminate when it is determined that the conversation is unrelated to communications subject to interception under Chapter 119 of

4

Title 18, United States Code." (Id. at 5).

Finally, neither defendant attempts to show that any particular call was improperly intercepted, due to a failure to minimize or any other wrongdoing. Rather, they confine their challenge to the face of the orders. For the reasons stated herein and those stated by the magistrate judge, that challenge fails.

### III.

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation is **ADOPTED**, and defendants' motions to suppress (R. 284, 286) are **DENIED**.

Dated at Milwaukee, Wisconsin, this 15th day of February, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

5